

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:20CR332-1 |
| v. | : | |
| CHARLES AGEE ATKINS | : | PLEA AGREEMENT |

NOW COMES, the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and the defendant, CHARLES AGEE ATKINS, in his own person and through his attorneys, Caroline Ciraolo, Niles Elber, and Douglas Kingsbery, and state as follows:

1. The defendant, CHARLES AGEE ATKINS, is presently charged in a Bill of Information in case number 1:20CR_____-1, which charges him in Count One with a violation of Title 26, United States Code, Section 7206(1), filing a false tax return; and which charges him in Count Two with a violation of Title 18, United States Code, Section 922(g)(1), felon in possession of a firearm.

2. The defendant, CHARLES AGEE ATKINS, will enter a voluntary plea of guilty to Counts One and Two of the Information herein. The nature of these charges and the elements of these charges, which must be proved by

the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorneys.

    a. The defendant, CHARLES AGEE ATKINS, understands that the maximum term of imprisonment provided by law for Count One of the Information herein is not more than three years, and the maximum fine for Count One of the Information herein is $250,000. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, CHARLES AGEE ATKINS, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

    b. The defendant, CHARLES AGEE ATKINS, also understands that the Court may include as a part of the sentence as to Count One of the Information herein, a requirement that the defendant be placed on a term of supervised release of not more than one year after imprisonment, pursuant to Title 18, United States Code, Section 3583.

    c. The defendant, CHARLES AGEE ATKINS, understands that as to Count Two of the Information herein, the maximum term of

imprisonment provided by law is not more than ten years, and the maximum fine for Count Two of the Information is $250,000, or both. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, CHARLES AGEE ATKINS, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

    d. The defendant, CHARLES AGEE ATKINS, also understands that as to Count Two of the Information herein, the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

    e. The defendant, CHARLES AGEE ATKINS, further understands that upon the acceptance by the Court of a guilty plea to Count Two of the Information herein, the defendant could be subject to the enhanced penalty provisions of Title 18, United States Code, Section 924(e)(1) at the time of sentencing if the defendant has three previous convictions by any court for a violent felony or a serious drug offense, committed on occasions different from

3

one another. If the Court determines that Title 18, United States Code, Section 924(e)(1) is applicable, the term of imprisonment shall be not less than fifteen years, nor more than life. In addition, the defendant cannot be placed on probation or receive a suspended sentence. The defendant, CHARLES AGEE ATKINS, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than five years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

    f. The defendant, CHARLES AGEE ATKINS, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

4

g. The defendant, CHARLES AGEE ATKINS, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, CHARLES AGEE ATKINS, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States. The defendant, CHARLES AGEE ATKINS, further understands that in the event he is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against him leading to his removal and possible permanent exclusion from the United States.

3. By voluntarily pleading guilty to Counts One and Two of the Information herein, the defendant, CHARLES AGEE ATKINS, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

5

4. The defendant, CHARLES AGEE ATKINS, is going to plead guilty to Counts One and Two of the Information herein because he is, in fact, guilty and not because of any threats or promises.

5. Pursuant to Rule 11(c)(1)(B), the parties agree that they will jointly recommend that the Court make the following findings and conclusions as to the United States Sentencing Guidelines ("Sentencing Guidelines"):

    a. The amount of intended tax loss, including relevant conduct, was $809,114.75. The Base Offense Level for such a loss is 20 pursuant to Section 2T4.1(F) of the Sentencing Guidelines.

    b. It is understood that if the Court determines at the time of sentencing that the defendant, CHARLES AGEE ATKINS, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) of the Sentencing Guidelines is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. The United States, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the

6

circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the United States prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any United States entity or official.

  c. It is agreed that the defendant, CHARLES AGEE ATKINS, will waive in open court prosecution by Indictment and consent to be charged in an Information.

  d. The defendant, CHARLES AGEE ATKINS, understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed. Furthermore, the defendant, CHARLES AGEE ATKINS, understands and acknowledges that he may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the United States, or a recommendation made jointly by both the defendant and the United States.

  e. It is further agreed by and between the United States and the defendant, CHARLES AGEE ATKINS, that in exchange for the United

7

States' agreement not to prosecute additional tax-related charges, the defendant voluntarily and expressly waives the right to appeal his conviction and sentence, except as stated herein, and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to Title 28, United States Code, Section 2255 on any ground) excepting the defendant's right to appeal based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea, (3) a sentence in excess of the statutory maximum, and (4) a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender. The defendant understands that this Plea Agreement does not limit the United States' right to appeal, but if the United States initiates a direct appeal of the sentence imposed, the defendant may file a cross-appeal of that same sentence.

6. The defendant, CHARLES AGEE ATKINS, agrees to the following terms concerning restitution:

    a. The defendant, CHARLES AGEE ATKINS, is working with the Internal Revenue Service in an effort to reach a civil resolution of all outstanding income tax liabilities under the terms of a Closing Agreement and/or Collateral Agreement pursuant to Title 26, United States Code, Section 7122 (hereinafter referred to as "Civil Resolution"). If a Civil Resolution is

8

achieved by the defendant and the Internal Revenue Service, the defendant agrees to pay restitution in the amount set forth in the Civil Resolution pursuant to Title 18, United States Code, Section 3663(a), for Count One. If no Civil Resolution is achieved prior to sentencing, the defendant agrees to pay restitution in the amount of $809,114.75.

  b. The defendant agrees to pay the restitution to the Internal Revenue Service, the victim of Count One, and to send all restitution payments to:

> IRS - RACS
> Attn: Mail Stop 6261, Restitution
> 333 W. Pershing Ave.
> Kansas City, MO 64108

  c. The defendant agrees to provide notice and full documentation of each payment to the Clerk of the Court in order for the payment(s) to be properly recorded in the Court's records and applied to the Order of Restitution.

  d. The defendant agrees to prepare and submit an accurate and complete financial disclosure to the United States Probation Office following the entry of this Plea Agreement in accordance with the deadlines established, and on the forms used, by the United States Probation Office, but no later than thirty days after the execution of this Plea Agreement. The defendant agrees

9

to update his financial disclosures to the United States Probation Office within seven days of any material change to those disclosures. The defendant further agrees to update this information as requested by the United States Probation Office prior to the termination of the defendant's supervised release or probation and such disclosures may be shared with the United States Attorney's Office, including the Financial Litigation Unit, for any purpose. The defendant's disclosures shall include co-mingled assets or assets held in the names of third parties.

  e. If a Civil Resolution is achieved with the Internal Revenue Service, the defendant understands that the Internal Revenue Service's ability to assess additional tax for the periods covered by the Civil Resolution and to collect the balance of any civil liabilities, including taxes, penalties and interest owed to the Internal Revenue Service for the time periods covered by the Civil Resolution will be subject to the terms of the Civil Resolution.

  f. If a Civil Resolution is not achieved with the Internal Revenue Service, the defendant understands that nothing in this agreement or in any judgment, order, release or satisfaction issued in connection with this agreement shall preclude or restrict the Internal Revenue Service's ability to collect the balance of any civil liabilities, including taxes, penalties, and

interest owed to the Internal Revenue Service for the time periods covered by this agreement or any other time period.

7. The defendant, CHARLES AGEE ATKINS, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

8. It is further understood that the United States and the defendant, CHARLES AGEE ATKINS, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

9. The defendant, CHARLES AGEE ATKINS, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the

11

time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

10. This agreement is effective when signed by the defendant, CHARLES AGEE ATKINS, his attorney, and an attorney for the United States of America. The defendant agrees to entry of this plea at the date and time scheduled by the Court. If the defendant withdraws from the Plea Agreement, or commits or attempts to commit any additional federal, state, or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a. The United States will be released from its obligations under this agreement; and

    b. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts attached to this agreement or adopted by the defendant and any other statements made pursuant to this or

12

any other agreement with the United States, should be excluded or suppressed under Federal Rule of Evidence 410, Federal Rule of Criminal Procedure 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

11. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 5th day of August, 2020.

MATTHEW G.T. MARTIN
United States Attorney

CAROLINE CIRAOLO
Attorney for Defendant

TANNER KROEGER
Assistant United States Attorney

NILES ELBER
Attorney for Defendant

TODD ELLINWOOD
Assistant Chief
U.S. DOJ, Tax Division

DOUGLAS KINGSBERY
Attorney for Defendant

CHARLES AGEE ATKINS
Defendant

13

//S//STI